Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| NORA HAYDEE MORALES ROSA, JOSHUA LEE CRUZ MORALES, JOSUÉ ALBERTO CRUZ MORALES, TANIA CRUZ MORALES Y JOEL FRANCISCO CRUZ MORALES<br><br>Recurrida<br><br>V.<br><br>Jeremy Randy del Valle, Ann Marie del Sobre: ACCIDENTE DE TRÁNSITO Valle, Sharehan Salahaddin Telsem, Maritza's Car Rental, Inc., Optima Seguros, Colonial Insurance Agency, Inc., Fulano de Tal y Empresa Tal y Compañías de Seguro X, Y, Z<br><br>**SHAREHAN SALAHADDIN TELSEM**<br><br>Peticionaria | TA2025CE00548 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Vieques<br><br>Caso Núm.: VQ2025CV00042<br><br>Sobre: Accidente de Tránsito |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda del Toro y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

Comparece Sharehan Salahaddin Telsem (en adelante, señora Telsem o peticionaria) mediante recurso de *certiorari* presentado el 3 de octubre de 2025, nos solicita que dejemos sin efecto la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala de Fajardo (TPI o foro primario) el 4 de septiembre de 2025. Mediante el referido dictamen, el foro primario declaró "No

Ha Lugar" la *Moción de Desestimación* presentada por la peticionaria.

## I.

El 21 de abril de 2025, Nora Haydee Morales Rosa; Joshua Lee Cruz Morales; Josué Alberto Cruz Morales; Tania Cruz Morales y Joel Francisco Cruz Morales (en conjunto, parte recurrida) presentaron una *Demanda* de daños y perjuicios.[1] La peticionaria se incluyó como parte codemandada en el pleito. En lo pertinente a la controversia que nos ocupa, las alegaciones de la *Demanda* en contra de la señora Telsem fueron las siguientes:

> 16. MUERTE Y HIT-AND-RUN (abandono de la escena): Debido a la conducción crasamente negligente del codemandado Del Valle, caracterizada por el exceso de velocidad y el no mantener una distancia segura y prudente, se produjo un impacto vehicular fatal. Como resultado directo de estas acciones, el vehículo Kia, conducido por el codemandado Del Valle, impactó violentamente por la parte trasera a la motocicleta del Sr. Carlos Alberto Cruz Morales. Este impacto provocó que el Sr. Cruz Morales cayera sobre el vehículo y luego al pavimento, causando su muerte. En lugar de detenerse para prestar auxilio, el conductor Del Valle ejecutó maniobras erráticas en forma de "zig-zag" con el objetivo aparente de liberar el cuerpo del Sr. Cruz Morales de su vehículo, dejándolo tendido en la carretera. Tras este evento, el ocupante del Kia no brindó asistencia a la víctima moribunda; por el contrario, optó por huir del lugar sin comunicarse con los servicios de emergencia. Lamentablemente, por información y creencia de buena fe, debido al impacto, el Sr. Carlos Alberto Cruz Morales falleció. Posteriormente, el vehículo involucrado fue abandonado por Del Valle en las proximidades del Barrio Las Marías, donde se hospedaba temporeramente en un alojamiento a corto plazo ("Airbnb") junto a las codemandadas Ann Marie Del Valle y Sharehan Salahaddin Telsem. Un testigo, que observó tanto el choque fatal como el comportamiento posterior del implicados, localizó el vehículo Kia abandonado en dicho lugar y confirmó haber observado las maniobras de "zig-zag" y que el Kia conducido por Del Valle circulaba a una velocidad excesiva. Posterior al impacto fatal y el abandono del vehículo de motor, Telsem acompañó a Del Valle al auto abandonado y regresaron al Airbnb. Posteriormente, abandonaron la jurisdicción antes de culminar su estadía programada en el Airbnb para evadir responsabilidad. Telsem fue parte del encubrimiento y fuga de la jurisdicción.

> .    .    .    .    .    .    .    .

> 19. ABANDONO DE LA JURISDICCIÓN: Por información y creencia, se establece que, Del Valle, responsable del impacto mortal, estaba acompañado en Vieques por su madre, Ann Marie Del Valle y por Sharehan Salahaddin Telsem. Estas personas aparentemente se

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).

encontraban de vacaciones en el momento del incidente y tenían programado su estadía del 24 de abril de 2024 hasta el 27 de abril de 2024. Tras el choque violento, se marcharon de la jurisdicción al día siguiente, el 25 de abril de 2024, sin comunicarse con la familia del Sr. Carlos Alberto Cruz Morales ni asumir responsabilidad alguna ante las autoridades competentes. Asimismo, según la misma información, no notificaron del accidente a la compañía de seguros correspondiente.

.    .    .    .    .    .    .    .    .

22. CO-CAUSANTES: Los codemandados Jeremy Randy Del Valle, Ann Marie Del Valle y Sharehan Salahaddin Telsem responden solidariamente de los daños por muerte causada en el choque fatal y violento ocurrido.[2]

Ante ello, el 7 de julio de 2025, la peticionaria presentó una *Moción Solicitando Desestimación* al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V.[3] En dicha moción, la señora Telsem solicitó su exclusión en el pleito por falta de causa de acción en su contra, ya que la demanda instada por la parte recurrida deja de exponer una reclamación que justifique la concesión de un remedio por parte de la peticionaria.[4] El 8 de julio de 2025, el TPI ordenó a la parte recurrida en un término de veinte (20) días para presentar su alegación responsiva a la *Moción Solicitando Desestimación* de la peticionaria.[5] El 28 de julio de 2025, la parte recurrida presentó una *Moción solicitando prórroga para someter su oposición dicha moción y autorización para presenta evidencia física (video).*[6]

El 30 de julio de 2025, la señora Telsem presentó su oposición a la moción solicitando prórroga y autorización para presentar evidencia física (video).[7] Ese mismo día, el foro primario emitió una *Orden* en la que declaró "Ha Lugar" la referida moción presentada por la parte recurrida. Consecuentemente, el TPI le concedió veinte

---

[2] Íd.
[3] Entrada #36 de SUMAC TPI.
[4] Íd.
[5] Entrada #38 de SUMAC TPI.
[6] Entrada #42 de SUMAC TPI.
[7] Entrada #43 de SUMAC TPI.

(20) días para presentar su oposición y autorizó la presentación de copia del video como anejo a la moción.[8]

El 12 de agosto de 2025, la señora Telsem radicó una *Moción Solicitando Reconsideración* sobre la *Orden* del 30 de julio de 2025, en la cual adujo que la moción de desestimación presentada por la peticionaria se sustentaba exclusivamente en la insuficiencia de las alegaciones de la demanda, lo que implica que el foro primario debía considerar únicamente las alegaciones allí contenidas y no prueba externa. Además, esta aclaró que no se oponía a la prórroga, sin embargo, sí se oponía a que, en el ejercicio de ese término adicional, se autorice la presentación de evidencia física externa como un video con el fin de subsanar las deficiencias de las alegaciones en la *Demanda*.[9]

Así las cosas, el 18 de agosto de 2025, la parte recurrida presentó su *Oposición a la Moción Solicitando Desestimación* en cuanto a la señora Telsem.[10] El 4 de septiembre de 2025, el TPI declaró "No Ha Lugar" la *Oposición a Moción Solicitando Prorroga para someter oposición a moción de desestimación en cuanto a la codemandada Sharehan Salahaddin Telsem Y Autorización para Presentar Evidencia Física (video).*[11] Igualmente, el 29 de agosto de 2025, notificada el 4 de septiembre de 2025, el referido foro emitió una *Resolución Interlocutoria,* en la cual declaró "No Ha Lugar" la *Solicitud de Desestimación* de la peticionaria.[12]

Inconforme con el proceder del TPI, el 3 de octubre de 2025, la señora Telsem acudió ante este Tribunal mediante recurso de *certiorari* y señala como único error:

**ERRÓ EL TPI AL DENEGAR LA MOCIÓN SOLICITANDO DESESTIMACIÓN EN CUANTO A LA PETICIONARIA**

---

[8] Entrada #44 de SUMAC TPI.
[9] Entrada #47 de SUMAC TPI.
[10] Entrada #48 de SUMAC TPI.
[11] Entrada #49 de SUMAC TPI.
[12] Entrada #54 de SUMAC TPI.

De otro lado, el 14 de octubre de 2025, la parte recurrida presentó su *Oposición a la expedición del auto de certiorari.* En síntesis, estos sostienen que el recurso de *certiorari* no cumple con los criterios de la Regla 40 del Reglamento de Tribunal de Apelaciones para la expedición de este. Además, aducen que no se ha realizado descubrimiento de prueba y no se ha contestado la demanda, por lo que el TPI actuó correctamente al no desestimar para que estos tuviesen la oportunidad de realizar el descubrimiento de prueba.

## II.

### A. El certiorari

El auto de certiorari es el vehículo procesal extraordinario mediante el que un tribunal de mayor jerarquía, puede revisar las determinaciones de un tribunal inferior. A través de este recurso, el peticionario solicita a un tribunal de superior jerarquía que corrija un error cometido por el tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491.

El recurso de certiorari se caracteriza porque su expedición descansa en la sana discreción del tribunal revisor. *Pueblo v. Diaz De León,* 176 DPR 913, 917-918 (2009). No obstante, la discreción para autorizar la expedición del recurso y adjudicarlo en sus méritos, no es irrestricta. Dicha discreción se define como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo v. Custodio Colon,* 192 DPR 567, 588 (2015). De modo que, el ejercicio de discreción no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016). Los elementos a evaluar para considerar si el foro primario incurrió en abuso de discreción son, entre otros, si: (1) el juez no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que

no podía ser pasado por alto; (2) el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en él, o (3) a pesar de tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez sopesa y los calibra livianamente. *García v. Asociación,* 165 DPR 311, 321-322 (2005).

En ese sentido, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. establece los preceptos que rigen la discreción del Tribunal de Apelaciones para expedir un recurso de certiorari. Según lo establecido en la Regla 52.1, *supra,* el recurso de certiorari solamente será expedido:

> ....
> [P]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Asimismo, la Regla 40 de Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas.*, Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025), fija los criterios que este foro habrá de considerar para ejercer, sabia y prudentemente, su discreción para atender o no en los méritos un recurso de certiorari. Estos son los siguientes:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### B. Moción de Desestimación

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, permite que el demandado solicite la desestimación de la demanda, antes de presentar una contestación. Las razones para solicitar la desestimación son las siguientes: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio y (6) dejar de acumular una parte indispensable. *Costas Elena v. Magic Sport,* 213 DPR 523, 533 (2024); *González Méndez v. Acción Soc.*, 196 DPR 213, 234 (2016).

El Tribunal Supremo de Puerto Rico ratificó tan reciente como en *Costas Elena v. Magic Sport, supra,* las normas que rigen la desestimación de una demanda basada en la Regla 10.2, *supra,* en su inciso cinco (5). Estas normas son las siguientes:

(1) La desestimación procede cuando de las alegaciones de la demanda, surge que alguna de las defensas afirmativas derrotara la pretensión del demandante.

(2) Al evaluar una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* el tribunal tiene que tomar como

ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas.

(3) Los tribunales que atienden una moción basada en la Regla 10.5, *supra,* tienen que evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante.

(4) Toda duda debe resolverse a favor del demandante.

(5) El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquiera estado de Derecho que se pudiera probar en apoyo a su reclamación. *Elena v. Magic Sport, supra,* págs. 533-534.

La privación de un litigante de su día en corte solo procede en casos extremos. La desestimación al amparo de la Regla 10.2(5), *supra,* prosperará si luego de realizar el análisis requerido, el tribunal entiende que no se cumple con el estándar de plausibilidad. Los tribunales no pueden dar paso a una demanda insuficiente bajo el pretexto de que las alegaciones conclusorias podrán ser probadas con el descubrimiento de prueba. *Costas Elena v. Magic Sport, supra,* pág. 534.

**III.**

La señora Telsem alega que incidió el foro primario al no excluirla del pleito, ya que la demanda instada por la parte recurrida deja de exponer una reclamación que justifique la concesión de un remedio por parte esta.

Aunque la Regla 52.1 de Procedimiento Civil, *supra*, permite nuestra intervención con una moción de carácter dispositivo, luego de revisar el derecho aplicable y los parámetros de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* no encontramos criterio alguno que justifique nuestra intervención con la determinación recurrida por lo que denegamos el recurso.

Las circunstancias particulares de este caso no ameritan nuestra intervención en este momento. Por esa razón lo correcto es denegar el recurso*.*

**IV**.

Se deniega el recurso presentado.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones